# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1676V
UNPUBLISHED

| | |
|---|---|
| CECILIA NUSS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 23, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Human Papillomavirus (HPV)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Kristina Kay Green*, Kralovec, Jambois & Schwartz, Chicago, IL, for petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On October 30, 2018, Cecilia Nuss filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of a Human Papillomavirus ("HPV") vaccination received on April 6, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 10, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 22, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $62,500.00 for her pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>62,500.00</u> (for pain and suffering) in the form of a check payable to Petitioner.**  This amount represents all elements of compensation to which Petitioner is entitled under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CECILIA NUSS,<br><br>             Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>             Respondent. | )<br>)<br>)<br>)<br>)   No. 18-1676V<br>)   Chief Special Master Corcoran<br>)   ECF<br>)<br>)<br>)<br>)<br>) |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 30, 2018, Cecilia Nuss ("petitioner") filed a petition for vaccine injury compensation alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") as result of a human papilloma virus ("HPV") vaccine administered on April 6, 2017. On January 10, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. The same day, Chief Special Master Corcoran issued a Ruling on Entitlement finding that petitioner was entitled to compensation.

### I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $62,500.00 for her pain and suffering. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### II.    Form of the Award

Respondent recommends that the compensation provided to petitioner be made through a

1

lump sum payment of $62,500.00 in the form of a check payable to petitioner.[1]  Petitioner agrees.

      Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

      Respectfully submitted,

      JOSEPH H. HUNT
      Assistant Attorney General

      C. SALVATORE D'ALESSIO
      Acting Director
      Torts Branch, Civil Division

      CATHARINE E. REEVES
      Deputy Director
      Torts Branch, Civil Division

      ALEXIS B. BABCOCK
      Assistant Director
      Torts Branch, Civil Division

      /s/ Heather L. Pearlman
      HEATHER L. PEARLMAN
      Assistant Director
      Torts Branch, Civil Division
      U.S. Department of Justice
      P.O. Box 146
      Benjamin Franklin Station
      Washington, D.C. 20044-0146
      Phone: (202) 353-2699
      Email: heather.pearlman2@usdoj.gov

DATED:  January 22, 2020

---

[1]  Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.