# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1676V
(not to be published)

| | |
|---|---|
| CECILIA NUSS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 22, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kristina Kay Green*, Kralovec, Jambois & Schwartz, Chicago, IL, for Petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 30, 2018, Cecilia Nuss filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration as a result of a Human Papillomavirus vaccine received on April 6, 2017. (Petition at 1). On January 23, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 25).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 3, 2020, (ECF No. 31), requesting a total award of $16,476.40 (representing $15,909.30 in fees and $567.10 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. (*Id.* 31 at 5). Respondent reacted to the motion on April 8, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. (ECF No. 32). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton,* 3 F.3d at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). Program claimants seeking a fees award "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer

2

in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests attorney Kristina K. Green be compensated at the following rates: $300 per hour for time billed in 2017, $317 per hour for time billed in 2018, $330 per hour for time billed in 2019, and $350 for time billed in 2020. (ECF No.31 at 4). Petitioner also requests compensation for time billed by paralegals at the rate of $150 per hour for time billed in 2018, $156 for time billed in 2019, and $163 for time billed in 2020. (*Id*). After review, I find adjustments are needed to the requested rates.

Ms. Green has been a licensed attorney in Illinois since 2011, placing her in the OSM range of attorneys with 4-7 years' experience for time billed from 2017 - 2018, and in the range of 8-10 years' experience for time billed in 2019. (ECF No. 35 -5 at 1). This is Ms. Green's first case in the Vaccine Program in which she has earned fees (with her second case still pending). Ms. Green's requested rates thus fall at the top of the ranges for similarly-experienced attorneys – and therefore exceed what an attorney with comparable limited Vaccine Act-specific experience would receive. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating that the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

In light of the above, I find it appropriate to reduce the requested hourly rates for Ms. Green to the following:

- $265 per hour for work performed in 2017;

- $280 per hour for work performed in 2018;

- $300 per hour for work performed in 2019; and

- $320 per hour for work performed in 2020.

This reduces the total amount to be awarded as fees in this case for work Ms. Green performed by **$1,446.00**.[3]

### B. Paralegal Tasks at Attorney Rates

The filed attorney invoices reveal multiple instances in which tasks that are considered paralegal in nature were billed at attorney rates. In the Vaccine Program, attorneys may be compensated for paralegal-level work, but only at a rate comparable to what would be paid for a paralegal. *See,* e.g.*, Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Examples of such instances include:

- September 20, 2018 (0.20 hrs) "Format, number & save Fox Valley records & MRI for petition exhibits and update citations in petitioner";

- March 28, 2019 (0.60 hrs) "Draft NOF for medical records subpoenaed from NW Primary Care and save as PDF; add bates numbers to NW Primary Care Records; Convert amended statement of completion into PDF for filing; e-file NOF, NW Primary Care medical records and amended statement of completion";

- January 27, 2020 (0.20 hrs) "File Joint Notice Not to Seek Review, save filed copy"; and

- March 16, 2020 (0.60 hrs) "Compile exhibits for fee petition; label & optimize."

(ECF No. 31-6 at 5, 6, 8 and 9).[4]

I shall reduce Ms. Green's hourly rates billed on these kinds of paralegal tasks to a more appropriate rate. These rates consist of $140 per hour for 2017, $150 per hour for

---

[3] This amount consists of ($300 - $265 = $35 x 5.7 hrs = $199.50) + ($317 - $280 = $37 x 13.5 hrs = $499.50) + ($330 - $300 = $30 x 9.1 hrs = $273) + ($350 – $320 = $30 x 15.8 hrs = $474) = $1,446.00.

[4] These are merely examples and not an exhaustive list.

4

2018, $156 per hour for 2019 and $163 per hour for time billed in 2020. This results in an additional reduction of requested fees in the amount of **$1,012.80**.[5]

### C.  Administrative Time

The filed billing records also reveal several instances in which work was performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Examples of these entries include:

- October 24, 2017 (0.10 hrs) "Scan and save signed retainer agreement and health authorization";

- March 6, 2018 (0.10 hrs) "Sent NW authorization per request of IRM";

- March 15, 2018 (0.20 hrs) "Sent payment for med recs";

- October 30, 2018 (0.10 hrs) "Scan and save signed affidavit of petitioner";

- November 9, 2018 (0.10 hrs) "Save and print appearance of Amy Kokot for Respondent and update service list"; and

- March 5, 2020 (0.10 hrs) "Draft cover letter, mail settlement check to client; scan & save."

(ECF No. 31 -6 at 1-4 and 9).[6]

---

[5] This amount is calculated using Ms. Green's already reduced hourly attorney rates; ($265 – $140 = $125 x 0.30 hrs = $37.50) + ($280 – $150 = $130 x 2.70 hrs = $351) + ($300 – $156 = $144 x 2.70 hrs = $388.80) + ($320 - $163 = $157 x 1.50 hrs = $235.50) = $1,012,80.

[6] These are merely examples and not an exhaustive list.

5

A total of 4.2 hours was billed by Ms. Green and her paralegals on tasks considered administrative. I reduce the fees to be awarded by **$1,093.10**, reflecting time spent on such administrative matters.[7]

## ATTORNEY COSTS

Petitioner requests $567.10 in overall costs. (ECF No. 31 at 5). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award the requested amount in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$12,924.50** (representing $12,357.40 in attorney's fees and $567.10 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[7] This amount consists of ($150 x 1.1 hrs = $165) + ($156 x 0.1 hrs = $15.60) + ($265 x 0.10 hrs = $26.50) + ($280 x 0.60 hrs = $168) + ($300 x 0.90 hrs = $270) + ($320 x 1.40 hrs = $448) = $1,093.10.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.